Filed 6/9/26  P. v. Winson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICHARD WINSON,<br><br>    Defendant and Appellant. | F088785<br><br>(Super. Ct. No. M8455)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Katherine Rigby, Judge.

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Kari Mueller and Joseph Penny, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Richard Winson was resentenced on September 30, 2024, pursuant to Penal Code section 1172.75.[1]  The trial court struck his prior prison term enhancement imposed pursuant to former section 667.5, subdivision (b) but otherwise imposed the same sentence.  On appeal, defendant argues that the trial court erred by failing to grant his motions to relieve his appointed legal counsel.  We ordered the parties to brief the issue of whether the trial court erred in failing to conduct a full resentencing as required by section 1172.75 and whether the issue was forfeited.  Defendant contends the trial court so erred and the issue is not forfeited.  We exercise our discretion to reach the section 1172.75 resentencing issue and conclude the trial court failed to conduct a full resentencing as required by statute.[2]  We vacate the sentence and remand to the trial court to conduct a full resentencing in compliance with the statute.

## PROCEDURAL SUMMARY

On May 3, 1989, the District Attorney of Madera County filed a criminal complaint charging defendant with the murder of Jose Gonzales (§ 187, subd. (a); count 1) and the attempted murder of Christina G. (§§ 664, 187, subd. (a); count 2).  A jury convicted defendant of both counts, finding each to be of the first degree.  The jury found that the murder was committed during the commission of a robbery, thereby constituting a special circumstance.  Defendant admitted he suffered a prior a serious felony conviction (§ 667, subd. (a)) and had served one prior prison term (former § 667.5, subd. (b)).

The trial court sentenced defendant to life without the possibility of parole for the murder and life with the possibility of parole for the attempted murder.  The court imposed a consecutive five-year prior serious felony conviction enhancement (§ 667,

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    As a result of our conclusion, we do not reach defendant's argument that the trial court erred in denying his motions to relieve his appointed counsel prior to resentencing.

subd. (a)) and a consecutive one-year prior prison term enhancement (former § 667.5, subd. (b)).

In an opinion issued on August 19, 1991, this court affirmed the judgment.[3] (*People v. Winson* (Aug. 19, 1991, F013556) [nonpub. opn.].)

On December 21, 2023, the Madera County Superior Court issued a notice of scheduling addressed to all parties setting the case for "Resentencing:  PC 1171/PC 1171.1/SB 483" (boldface omitted) on December 29, 2023.  The resentencing hearing was continued several times.  During resentencing proceedings, the trial court held two confidential *Marsden*[4] hearings, which resulted in denials of defendant's requests to discharge and replace his appointed legal counsel.

The resentencing hearing was ultimately held on September 30, 2024.  The court resentenced defendant as follows:  life without the possibility of parole for the murder (§ 187, subd. (a)), plus a consecutive five-year prior serious felony conviction enhancement (§ 667, subd. (a)), and life with the possibility of parole for the attempted murder (§§ 664, 187, subd. (a)), to be served consecutively.  The court struck the one-year enhancement for the prior prison term (former § 667.5, subd. (b)) pursuant to former section 1171.1, subdivision (a).[5]  Defendant filed a timely notice of appeal thereafter.

---

[3]     Defendant observes in his opening brief that there is a discrepancy between the 1990 abstract of judgment and this court's 1991 nonpublished opinion regarding the sentence imposed by the trial court for defendant's conviction of attempted murder.  The abstract states that defendant was sentenced to life with the possibility of parole, and this court's opinion states that he was sentenced to 15 to 25 years.  On our own motion, this court ordered the Madera County Superior Court to augment the record with the reporter's transcript(s) of oral proceedings of the original sentencing held before the trial court on February 20, 1990.  The reporter's transcript of that proceeding confirms that the trial court sentenced defendant to life with the possibility of parole for the attempted murder.

[4]     *People v. Marsden* (1970) 2 Cal.3d 118.

[5]     Section 1171.1 was renumbered section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

**DISCUSSION**

The crux of defendant's argument on appeal is that both the trial court and his appointed counsel failed to recognize that defendant was entitled to a full resentencing under section 1172.75, which resulted in the trial court striking the one-year enhancement imposed pursuant to former section 667.5, subdivision (b) but otherwise reimposing the original sentence. Defendant originally couched this argument within his claim that the trial court erred by denying two *Marsden* motions he made that sought to replace his appointed counsel. The People contested this claim and argued that the trial court properly exercised its discretion when it denied the *Marsden* motions because defendant did not demonstrate that there was an irrevocable breakdown in communications with his attorney or that the attorney rendered inadequate representation.

At oral argument before this court, defense counsel argued, among other things, that the trial court's error was "structural," the error should not be found to have been forfeited, and the resentencing should be vacated and remanded for the trial court to conduct a full resentencing.

The People disputed the claim that any alleged error was structural. The People explained that the alleged errors relate to the trial court's denials of the *Marsden* motions, which are subject to federal harmless error review, and that in any event, defendant was not prejudiced because he was not eligible for resentencing under section 1172.75 as a person sentenced to life without the possibility of parole.

Following oral argument, this court ordered the parties to address (1) whether defendant forfeited his argument that the trial court committed error in resentencing him under section 1172.75 and (2) assuming the court reached the issue, whether the trial court committed error in failing to conduct a full resentencing under section 1172.75.

In his response, defendant contends that he did not forfeit his claim that the trial court erred by not conducting a full resentencing because he made the objection during the *Marsden* hearings and objected to the trial court's resentencing by filing his notice of

4.

appeal, in which he said he was objecting to the sentence imposed by the trial court. He argues that even if he failed to object, this court can address the trial court's error. Finally, he claims that the trial court failed to conduct a full resentencing as required by section 1172.75 for the reasons he offered in his prior briefing.

The People respond, "To the extent that [defendant] suggests the trial court abused its discretion with regard to its specific sentencing choices, those arguments are forfeited." In any event, the People maintain that the trial court conducted a full resentencing as evidenced by the court referring defendant's case to the probation officer for a report and recommendation, reviewing the resulting report, soliciting input from the parties, and accommodating defendant's request to be physically present for the resentencing hearing. The People maintain that the trial court would not have taken these actions if the trial "court actually believed that the only matter before it was a clerical or technical striking of the prison prior term enhancement" and that the trial court "recognized the statute required a full resentencing and that it conducted one." The People argue that defendant takes the trial court's "stray comments" about the scope of the resentencing out of context and the comments "do[] not demonstrate that the court did not understand its duty to conduct a full resentencing." The People urge us to affirm the judgment.

When a defendant raises both statutory and constitutional bases for their appeal, we do not reach the constitutional grounds if the case can be resolved on statutory grounds. (*Swart Enterprises, Inc. v. Franchise Tax Bd.* (2017) 7 Cal.App.5th 497, 513 ["a reviewing court should consider a constitutional question only where essential to the disposition of a case"].) When a defendant appeals the denial of a *Marsden* motion, the core inquiry is whether the trial court's ruling violated the defendant's constitutional right to the effective assistance of counsel. (See *People v. Marsden, supra*, 2 Cal.3d at p. 123; *People v. Smith* (1993) 6 Cal.4th 684, 696.)

On the other hand, the scope of a trial court's application of section 1172.75 is a question of statutory interpretation, which is subject to our de novo review. (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281–1282 ["The Attorney General agrees that Renteria is entitled to resentencing under section 1172.75, and reviewing this question of statutory interpretation de novo [citation], we likewise agree."].) If that review resolves the appeal, it is dispositive. (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230–231 [finding that where statutory and constitutional claims are at issue and resolution of the statutory ground is adequate to resolve the matter, doing so is dispositive].)

As stated above, the parties disagree about whether defendant forfeited his argument that the trial court erred by failing to conduct a full resentencing under section 1172.75. In the interests of judicial economy, to forestall an ineffective assistance of counsel habeas petition, and to avoid the constitutional issues raised by defendant regarding the performance of his trial counsel, we decline to enforce any forfeiture under the circumstances of this case. (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 400.)

## I. Background

Several hearings preceded the trial court's final resentencing hearing on September 30, 2024. Contrary to the People's characterization of the statements made during the *Marsden* hearings regarding the scope of the resentencing proceeding as "stray comments," the trial court and defense counsel repeatedly stated that the sole purpose of the resentencing proceeding was to remove the one-year enhancement imposed for defendant's prior prison service.

At a hearing on February 9, 2024, in response to the trial court's reference to a calendar memo as the impetus for the matter being placed on calendar, defense counsel said:

> "Yes. And I—that's what we kind of gathered. I think it's just the one-year enhancements. I don't know how many there are."

At the first *Marsden* hearing on June 18, 2024, defense counsel said the following regarding his understanding of the scope of the resentencing proceeding:

> "Your Honor, this case is on for something quite fairly simple. It's prison priors. He knows that. He was about to tell us that, and he stopped talking as he was about to mention that, but he knows what he's here for. The reason I called him is because a year or two ago there was a resentencing for someone in his situation, and I explained to [*sic*] this to him, that had prison priors taken off. It was something that we do kind of as a matter of fact in this court because of the law change. Sometimes we don't even invite the clients to even be here. [¶] … He did—was not—he did not know about the resentencing that happened in this court. [¶] Because of that I made it a priority between myself and other attorneys here to reach out to the defendants in this situation when I, quite frankly, don't even think we have to, because it's something summarily done just to take away prison priors. But I spoke to him and I told him, I am not your attorney for anything else other than the prison priors. All I'm here for is to let you know what we're here for today, but more importantly that if there's any issue with this case about—that he—that there's a 120-day window from the moment he's resentenced where he can come back to this very County and try to litigate something. I don't know what. I'm sure he's looking for answers. I don't have those answers nor will I get them, because I'm not his attorney for that. I, quite honestly, thought I was doing him—I was going above and beyond what my duties are in this case. [¶] … [¶] So believe I've done my job, Your Honor. As a matter of fact, I think I've done it above and beyond. Again, I'm sympathetic for the defendant. I know he feels that he was unjustly sentenced and prosecuted 30-something years ago. And so I was trying to give him some possibility of an out or some hope. And that's it. Submitted."

In response, defendant said, among other things, that his understanding of the resentencing proceeding is that it was "not just a prison prior thing." The trial court responded in relevant part as follows:

> "THE COURT:· So, sir, at the time you were sentenced, part of your sentence was a one-year enhancement for a prison prior. The law has— [¶] … [¶] … since changed, striking—[¶] … [¶] … prison priors. So what you are before this Court for is solely to address the correction[,] to remove the prison prior as that is no longer something that we do in the State of California. So I hear what you're saying about other issues, but those are not before the Court nor was [defense counsel's] firm appointed to address

7.

those issues. It was to address the resentencing regarding prison priors placed on this calendar by the California Department of Corrections and Rehabilitation."

Finally, during the second *Marsden* hearing on August 12, 2024, defense counsel and the trial court had the following exchange regarding the scope of the resentencing proceeding:

> "[DEFENSE COUNSEL]: I have made no efforts to contact him. And I guess, at this point, it is a one-year prison enhancement that's being reduced or taken away or stricken. It unfortunately doesn't affect [defendant's] overall structure of his case. And, again, the only reason I reached out to him months ago was to inform him of a very important legal possibility that if there was any other issues with this case, since he's being resentenced, that he has 120 days to file something in this courtroom to be resentenced on some sort of legal issue he may perceive.

> "I do not—I am not aware of the underlying case nor do I have to be for this type of hearing. I also am not his attorney regarding any appeals that he may—or may want to do, or resentencing. My only goal was to allow him the opportunity and provide him the information that he has this opportunity if he chose to. And so that's what I did, and that's what I performed in February. I believe that was my duty and also to inform him of the one-year enhancement that's being taken off and kind of what that means. And I believe I performed my duty, and I'd submit.

> "THE COURT:· And just to make sure the Court is clear, [defendant] requested a resentencing. And that resentencing is going to take place pursuant to Penal Code Section [1172.75]. And is that your understanding, [defense counsel]?

> "[DEFENSE COUNSEL]: Yes.

> "THE COURT: And as you alluded to, that is simply the striking of the one-year enhancement, which is now legally invalid. Is that your understanding?

> "[DEFENSE COUNSEL]: Yes.

> "THE COURT: And the request for resentencing pursuant to the Penal Code Section that he requested resentencing under does not afford him a carte blanche full appeal in this courtroom. Is that your understanding?

8.

"[DEFENSE COUNSEL]:  I don't know.  I mean, I do know that if there was—the law has changed.  I don't know anything about his case—I don't—in terms of only what he told me, but I do know that I just informed him that there are—there is a possibility of resentencing if there's any other legal issues.  [¶]  And I gave an example of a client that I did have that had such issues and was in prison for, I think, life or life without the possibility of parole.  And—but I did inform him that it would be up to him to find those issues since I am only representing him on this narrow—the narrow issue of the one-year enhancement.

"THE COURT:· I think I asked the question poorly.  The only issue before this Court—

"[DEFENSE COUNSEL]:· Oh, yes.

"THE COURT:· —is the resentencing pursuant to [section 1172.75], the one-year enhancement, correct?

"[DEFENSE COUNSEL]: Correct.

"THE COURT:  That does not entitle[] this Court on today's date to delve into any other issues that may exist in this case.  Is that your understanding?

"[DEFENSE COUNSEL]:· That's correct.

"THE COURT:· All right.  [¶]  But, [defendant], I do agree with [defense counsel] in that upon your resentencing you do have 120 days to file a notice of appeal if you feel that is appropriate in your case.  [Defense counsel] and his firm were appointed to represent you in your resentencing request.  And as I've indicated, that is pursuant to [section 1172.75], the striking of a one-year enhancement that is now for the past few years legally invalid.  They are not appellate counsel."

## II.    Applicable Law

### A.    Standard of Review

"In general, we review a trial court's sentencing decisions for abuse of discretion. [Citation.]  'An abuse of discretion is found where the court "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." ' " (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 323.)

9.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391, third bracketed insertion in original.)

Where an issue on appeal requires that we determine the meaning of a statute, we review the trial court's decision de novo. (*People v. Gonzalez, supra*, 107 Cal.App.5th at p. 323.) " ' "[I]n any case involving statutory interpretation, our fundamental task … is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.]" [Citation.] " 'When the language of a statute is clear, we need go no further.' " ' " (*People v. Scott* (2014) 58 Cal.4th 1415, 1421; accord, *People v. Blackburn* (2015) 61 Cal.4th 1113, 1123 [" 'If no ambiguity appears in the statutory language, we presume that the Legislature meant what it said, and the plain meaning of the statute controls.' "].)

B.     Section 1172.75

Section 1172.75 makes any sentence enhancement imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5 legally invalid unless it was imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of section 6600 of the Welfare and Institutions Code. (§ 1172.75, subd. (a).) The statute directs the Secretary of the Department of Corrections and Rehabilitation and county correctional administrators to identify persons in their custody currently serving a term for a judgment that includes an invalid enhancement and provide the names and other

10.

information to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).)

Once received, the sentencing court is required to review the judgment and verify whether it includes an invalid enhancement. (§ 1172.75, subd. (c).) If so, the court is required to recall the sentence and resentence the defendant. (*Ibid.*)

In a resentencing conducted pursuant to section 1172.75, the sentencing court (1) must ensure that the resulting sentence is less than the original sentence "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety" (*id.*, subd. (d)(1)), (2) shall apply the Judicial Council's sentencing rules and any other changes in law that reduce sentences or provide for judicial discretion to eliminate disparity of sentences and to promote uniformity of sentencing (*id.*, subd. (d)(2)), and (3) where applicable, unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term and those facts have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial (*id.*, subd. (d)(4)). In addition, the resentencing court may consider postconviction evidence, if any, such as the defendant's disciplinary record, rehabilitation record, whether the defendant's age, time served, or diminished physical condition have reduced the risk of future violence, and evidence that circumstances have changed since the defendant was originally sentenced so that continued incarceration is no longer in the interest of justice. (*Id.*, subd. (d)(3).)

Section 1172.75 was amended in 2024 to add subdivision (f), which provides:

> "Commencing on January 1, 2025, an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code and sentenced to death or a life term without the possibility of parole, who, as of January 1, 2025, has not had their judgment reviewed and verified by the sentencing court as

11.

provided in subdivision (c), is not eligible for recall and resentencing under this section. This subdivision does not apply retroactively." (§ 1172.75, subd. (f), as amended by Stats. 2024, ch. 979, § 2.)

An eligible defendant under section 1172.75 is entitled to a full resentencing. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1067, fn. 3 ["where § 1172.75 applies, it requires full resentencing, not simply striking the now-invalidated priors"]; *People v. Monroe, supra*, 85 Cal.App.5th at p. 402 ["By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."].)

### III.    Analysis

As noted above, the People argue that defendant is ineligible to be resentenced pursuant to section 1172.75. The People premise this claim not on the words of the statute itself but on the words of a different statute—section 1170, subdivision (a)(3)—that was part of the same article as the predecessor to section 1172.75 and the People's interpretation of the Legislature's likely intent in enacting subdivision (f) of section 1172.75, which is explicitly not retroactive and was not in effect at the time of the resentencing proceedings at issue here.

This approach deviates from the well-established rules of statutory interpretation set forth above. We start first with the words of the statute. If they are clear and unambiguous, we apply them as written. Here, section 1172.75, subdivision (a) provides that "[a]ny enhancement" imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b) is invalid unless it was imposed for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). There is no claim in this case that the one-year enhancement was connected to such an offense, and subdivision (f) was not operative at the time defendant obtained relief. Therefore, the enhancement was made invalid by subdivision (a) of section 1172.75. As a result, the trial court correctly

recalled defendant's sentence. In light of this determination, we need not turn to extrinsic aids to determine the statute's meaning.[6]

As discussed above, defendants who are eligible for resentencing under section 1172.75 are entitled to a full resentencing in accordance with the requirements of the statute. In this case, the trial court did not conduct a full resentencing of defendant, apparently because initially defense counsel and then the trial court were of the mistaken belief that the sole purpose of the resentencing was to remove the invalid one-year

---

[6] We also note that *People v. Dixon* (2025) 112 Cal.App.5th 236, 248, review granted October 22, 2025, S292223, is relevant legal authority to the arguments made by the People but was not discussed in their brief. The *Dixon* court explained that Senate Bill No. 285 (2023–2024 Reg. Sess.) (Senate Bill No. 285), which added subdivision (f) to section 1172.75 (Stats. 2024, ch. 979, § 2), "renders ineligible for recall and resentencing an individual (1) who was convicted of a sexually violent offense, (2) who was sentenced to death or life without the possibility of parole, and (3) whose judgment had not been reviewed and verified by the superior court as of January 1, 2025." (*Dixon*, at p. 248.) The court explained, "Even as amended, section 1172.75 continues to apply to defendants sentenced to death, as long as they have not been convicted of a sexually violent offense." (*Ibid.*, fn. 6.) We see no reason why this conclusion would differ for a person like defendant in this case who was sentenced to life without the possibility of parole but not convicted of a sexually violent offense. The *Dixon* court found that the enactment of section 1172.75, subdivision (f) is "significant: It shows the Legislature thought it necessary to add the new subdivision because the Legislature recognized in 2024 that section 1172.75, as originally drafted, applied to defendants … sentenced to death. According to an analysis by the Senate Rules Committee, Senate Bill No. 285 was intended to 'close a loophole' in Senate Bill No. 483 [(2021–2022 Reg. Sess.)]: ' "Recently, appeals have been made to the courts arguing that certain people serving sentences for capital and sexually violent offenses qualify for full resentencing under [Senate Bill No.] 483. This interpretation does not align with the original bill's intent. … [Senate Bill. No.] 285 clarifies who is eligible for resentencing under [section 1172.75] to … close a loophole in the original drafting." ' " (*Dixon*, at p. 248, third bracketed insertion in original.) The court then included as a parenthetical explanation, " ' "By amending the statute to close the loophole, the Legislature sought to *change* the law," ' " and concluded that prior to the effective date of Senate Bill No. 285, section 1172.75 applied to those who would now be excluded from relief by subdivision (f) of section 1172.75. (*Dixon*, at p. 248.) We agree with the *Dixon* court's analysis. In addition, this court reached a similar conclusion in *People v. Robinson*, in which this court held that "subdivision (f) of section 1172.75 must be construed conjunctively to exclude from resentencing only those individuals who have been convicted of a qualifying sexually violent offense and sentenced to death or a life term without the possibility of parole." (*People v. Robinson* (May 8, 2026, F089332) __ Cal.App.5th ___ [p. 14] [2026 Cal.App. Lexis 288, 19–20].)

enhancement.  The trial court's failure to conduct a full resentencing was error; we vacate defendant's sentence and remand for a full resentencing.

We express no view on how the trial court should exercise its discretion in resentencing defendant in this matter.

In light of this disposition, and because defendant's *Marsden* motions were raised in the context of his dissatisfaction with his counsel's performance as it related to the resentencing proceedings, we do not reach defendant's arguments regarding the denied *Marsden* motions.  Defendant is not precluded from making additional *Marsden* motions on remand if he believes there is an adequate legal basis to do so.

## DISPOSITION

The judgment is vacated, and the matter is remanded to the trial court with instructions to resentence defendant in compliance with section 1172.75.


HILL, P. J.

WE CONCUR:


MEEHAN, J.


DE SANTOS, J.

14.